CONCORD & PORTSMOUTH RAILROAD v. FORSAITH & a.

The equality clause of the statute of railway transportation (G. L., c. 163, s. 2) is a reënactment of the common law against unreasonable and unjust discrimination, and does not require the same price per pound for transporting large and small quantities of coal between the same points. As the carrier's labor and expense of transporting a quantity of coal in many small parcels might be more than the labor and expense of transporting the same quantity in one parcel, the owner of the latter might suffer from an unreasonable and unjust discrimination, if the price per pound were the same for all quantities.

ASSUMPSIT, for carrying coal from Portsmouth to Manchester. The plaintiffs' published tariff for carrying coal from Portsmouth to Manchester was one dollar and fifty cents per gross ton. It was provided that a discount of ten per cent. should be made in favor of those transporting five hundred tons or more of coal per annum, for their own use in manufacturing purposes. Provision was also made in the tariff for a rebate of ten per cent. from the regular rates in favor of those transporting more than twelve hundred

tons of merchandise annually, fifteen per cent. in favor of those transporting more than twenty-four hundred tons, and twenty per cent. in favor of those transporting more than six thousand tons. The defendants shipped annually over the plaintiffs' road less than twelve hundred tons of merchandise, and less than five hundred tons of coal. They confessed the plaintiffs' action in a sum equal to the amount at the rate of one dollar and twenty cents per ton, claiming the largest discount, of twenty per cent., allowed to any persons. The question of the right of the plaintiffs to recover at the rate of one dollar and fifty cents per ton for transporting the coal was reserved.

*Fellows*, for the plaintiffs.

*Hatch*, for the defendants.

ALLEN, J. The statute requires that "the rates shall be the same for all persons and for like descriptions of freight between the same points," and that all persons shall have reasonable and equal terms, facilities, and accommodations for the transportation of themselves, their agents and servants, and of any merchandise and other property, upon any railroad owned or operated in this state. Gen. St., *c.* 149, *s.* 2; G. L., *c.* 163, *s.* 2. This statute, as was decided in *McDuffee* v. *Railroad*, 52 N. H. 430, 457, is, in general, a declaration of the common-law doctrine of reasonable compensation, and no construction which establishes an arbitrary rule inconsistent with reasonable equality in rates can be given to the statute. Absolute equality in the price-rate per ton for the carriage of all merchandise of the same description, over equal distances, is not required, but a price-rate which shall be reasonably equal for all. By enacting that "the rates shall be the same for all persons, and for like descriptions of freight between the same points," the legislature could not have intended an equality that is absolute, fixed, and unvarying, if such equality is unreasonable. To find the true construction of the statute, and the correct meaning of the terms used, the whole section must be considered together. The first clause, requiring that the rates shall be the same, is illustrated and explained by the second clause, requiring that "all persons shall have reasonable and equal terms," etc. Taken together, it is plain that no arbitrary rule of absolute equality, but one of reasonable and just equality, was intended. By the fifth section of the same chapter, the amount of passenger travel is recognized as an element in the question of reasonable compensation for passenger transportation, and it is no less material in freight than in passenger carriage. It cannot be presumed that the legislature intended that section two should be in conflict with the common-law doctrine of section five, nor that the first part of section two should be at variance with the rest of that section

And it has been decided that the sale of tickets to passengers before entering the cars, at a price less than that required of those who afterwards pay, is not an unreasonable discrimination against the latter. *Hilliard* v. *Goold*, 34 N. H. 230.

The terms of the statute must receive the interpretation which long established usage and the custom of the commercial world have given them. That custom, in all branches of business, always has been, and is, to move, care for, and sell a large amount of a given commodity, in one parcel or in a given time, at a less price-rate per pound, yard, or ton, than a smaller quantity of the same commodity, distributed in many and smaller parcels, at different times. The expense of handling, carrying, and storing the smaller amount is much greater, *pro rata*, than that of the same operations upon the larger amount in one body, and a discrimination in favor of the larger dealers is not inequality, but reasonable equality. By any other construction the statute would defeat itself; for, taking into account the lessened expense, *pro rata*, for transporting the greater amount of property in a single body or in a given time, the carrier would, by absolute equality of rates for all cases, receive a greater price-rate for carrying the larger quantity than the smaller, and thereby make an unjust discrimination against the person transporting the largest quantity of goods. Unreasonable equality is inequality.

The regulation of the plaintiffs, demanding a greater rate for the carriage of the defendants' goods than for the carriage of the goods of other persons who furnished a larger amount than the defendants in a given time, was not unequal nor unlawful, unless it was an unreasonable discrimination against the defendants. What is reasonable equality in the rates for the carriage of merchandise of the same description between the same points, and whether or not the rates established and demanded of the defendants were reasonably equal, are questions of fact, to be found on all the circumstances of the case at the trial term.

*Case discharged.*

STANLEY and BINGHAM, JJ., did not sit: the others concurred.